UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIELLE THOMPSON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TIMOTHY PAUL THOMPSON, DECEASED, | CIVIL ACTION |
| VERSUS | NO. 19-11221 |
| TRAVELERS INDEMNITY COMPANY, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

The Court has received defendant Anthony Sciambra's Rule 12(b)(3) motion to dismiss for improper venue.[1] Because defendant Sciambra waived his objection, the Court denies the motion.

## I. BACKGROUND

This case arises from an automobile accident.[2] On September 6, 2018, decedent Timothy Thompson was riding his motorcycle on a highway in Harrison County, Mississippi.[3] Plaintiff alleges that defendant Anthony

---

[1]  R. Doc. 28.
[2]  *See* R. Doc. 1 at 4-5 ¶¶ 10-15.
[3]  *See id.* at 4 ¶ 11.

Sciambra, driving a truck,[4] allegedly "struck Mr. Thompson's motorcycle from the rear."[5] Thompson was then allegedly struck by defendant Brandon Druilhet's truck, as Druilhet was traveling in the same direction.[6] Thompson died from his injuries.[7]

Plaintiff alleges that at the time of the accident, Sciambra was acting within the scope of his employment for defendant Mosquito Control.[8] Defendant Mosquito Control has its principal place of business and is incorporated in Louisiana.[9] Druilhet is also a citizen of Louisiana.[10] But Sciambra is a citizen of Hancock County, Mississippi.[11]

Mr. Thompson's wife, Danielle Thompson,[12] initiated suit against the drivers, Mosquito Control, and the relevant insurers.[13] The parties settled

---

[4] *See id.* at 4 ¶ 12.
[5] *See id.* at 5 ¶ 14.
[6] *See id.* at 4-5 ¶¶ 13-14.
[7] *See id.* at 5 ¶ 14.
[8] *See* R. Doc. 1 at 4 ¶ 12.
[9] *See id.* at 2 ¶ 4.
[10] *See id.* at 2 ¶ 3.
[11] *See id.* at 2 ¶ 2.
[12] *See* R. Doc. 1 at 1 ¶ 1. Mrs. Thompson died, *see* R. Doc. 29 at 1, and Rebekah Goodno, Mrs. Thompson's daughter, *see* R. Doc. 47 at 1, was substituted as the named plaintiff, *see* R. Doc. 49.
[13] *See* R. Doc. 1 at 2-3 ¶ 5 (Travelers Indemnity Company as Mosquito Control's insurer), 3 ¶ 6 (Endurance American Specialty Insurance Company as Mosquito Control's insurer), 3 ¶ 7 (Progressive Security Insurance Company as Druilhet's insurer).

their claims as to one of the insurers, Travelers Indemnity Company,[14] and the Court dismissed those claims.[15]

Defendant Sciambra now moves to dismiss the suit on the basis of improper venue.[16]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) states that a party may move the court to dismiss for "improper venue." Fed. R. Civ. P. 12(b)(3). Dismissal for improper venue is governed by 28 U.S.C. § 1406. Under that statute, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue. *See Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268, 1995 WL 696803, at *2 (5th Cir. 1995) (per curiam) (citing *Advanced Dynamics Corp. v. Mitech Corp.*, 729 F. Supp. 519 (N.D. Tex. 1990)); *see also Advanced Dynamics*, 729 F. Supp at 519 ("When an

---

[14] *See* R. Doc. 13-1 at 1.
[15] *See* R. Doc. 13.
[16] R. Doc. 28.

objection to venue has been raised, it is the Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought."). On a motion to dismiss for improper venue, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam). Further, in deciding whether venue is proper, the court may look outside of the complaint and attachments to the complaint. *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

The "general rule" is that venue must be established for each cause of action. *See Tucker v. U.S. Dep't of Army*, 42 F.3d 641, 1994 WL 708661, at *2 (5th Cir. 1994) (per curiam). Venue must also be established for each defendant. *See Burkitt v. Flawless Records, Inc.*, No. 03-2484, 2005 WL 6225822, at *3 (E.D. La. Jun. 13, 2005) (citing *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001), for the proposition that "[i]t is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant").

In cases brought under a Court's diversity jurisdiction, venue may be established in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). To be a proper venue under Section 1391(b)(2), "[a]lthough the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial." *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir. 2008) (per curiam); *see also Daniel v. Am. Bd of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (explaining that appropriate venue can exist in multiple districts, and "Section 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred").

### III. DISCUSSION

Defendant Sciambra argues that the Court must dismiss this action for improper venue, "because none of the alleged events or omissions giving rise

to the claim occurred in this judicial district."[17]  Plaintiff responds that defendant Sciambra waived his objection to venue,[18] and even if not, "a substantial connection" does exist.[19]  The Court finds that defendant Sciambra's involvement in the litigation has waived his venue objection.

Improper venue is a waivable defense.  *See Bhd. of Locomotive Eng'rs Sec. Corp. of N.Y. v. W.L. Shepherd Lumber Co.*, 51 F.2d 153, 154 (5th Cir. 1931) ("[A] question of venue . . . not only can be but is easily waived."); *see also* Fed. R. Civ. P 12(h)(1) (stating that a party waives, *inter alia*, an improper venue defense when not included in a Rule 12 motion or a responsive pleading).

Broadly, "[a] general appearance by some act that goes to the merits, that does not raise an objection to venue, and that implies that the court has jurisdiction to proceed with the cause is ordinarily a waiver of the objection that the venue is wrong."  6 C.J.S. Appearances § 52 (emphasis omitted); *see also Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976) (noting in the context of an interpleader action that by "voluntarily appear[ing]," a party "waiv[es] any potential defects founded on service or venue problems"); *Baswell v. Yazoo River Towing*, No. CIV.A. 14-0454, 2014 WL

---

17  *See* R. Doc. 28-1 at 1, 5.
18  *See* R. Doc. 43-1 at 1.
19  *See id.* at 1-2.

6

5469746, at *2 (W.D. La. Oct. 28, 2014) ("[D]efendant waived any objection to personal jurisdiction and venue by failing to raise the issue in its responsive pleading and by making a general appearance herein."); *Mohr v. Raymond Int'l*, 337 F. Supp. 105, 106 (S.D.N.Y. 1972) ("Since the defendants have entered a general appearance their objection to venue has been waived.").

"[I]n determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (quoting *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1340-41 (5th Cir. 1996)); *see also Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985) (citing *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972), for the proposition that "if a party enters a case and fails to object to jurisdiction, and requests the court to do some affirmative act on its behalf in some substantive way, the party will be held to have waived further objection").

Here, defendant Sciambra asked the Court to take the action of dismissing the claims against Travelers Indemnity Company.[20] In so doing,

---

[20] *See* R. Doc. 13-1 at 1 ("[T]he parties have reached a resolution of all claims as to the applicable Travelers Indemnity Company policy and its

7

he requested that the Court dismiss the claims against him as a "nominal" defendant,[21] allowing him to "remain . . . in this matter only as to any applicable insurance coverage afforded to [him] outside of the policy issued by The Travelers Indemnity Company."[22] Furthermore, this request implicitly recognized the Court's jurisdiction over the parties. Defendant Sciambra did not mention an objection to venue in his dismissal request, and the order only "reserve[ed] to Plaintiff any and all rights and claims as to any other parties," as well as "the right . . . to reopen the action if resolution is not consummated."[23] Indeed, when the Court entered its order, the Court stated that it "specifically retains jurisdiction to enforce the settlement agreement if settlement is not consummated in sixty days."[24] Moreover, no party objected to the Court's retaining jurisdiction at the time of that order, or in the nearly three months that followed the entry of that order and this motion to dismiss.

---

limits only. The parties would respectfully request that the Court issue its 60-day [dismissal] Order in this matter." (footnote omitted)).
[21] *See id.*
[22] *See id.* at 1 n.1. The parties entered into a *Gasquet* release. *See id.* (citing *Gasquet v. Commercial Union Ins. Co.*, 391 So. 2d 466 (La. App. 4 Cir. 1980)).
[23] *See* R. Doc. 13.
[24] *Id.*

Other courts have found that similar appeals to judicial authority result in a waiver of like defenses. In *Union Camp Corp. v. Dyal*, 460 F.2d 678, 684 (5th Cir. 1972), for instance, the Fifth Circuit considered an objection to the court's jurisdiction when a party had "authorized the execution and filing of [a] stipulation" settling the case. *See id.* at 681, 684. There, the Court found that "[t]hese appearances constituted a waiver of the right to object to the court's jurisdiction in personam." *See id.* at 684; *see also Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) (per curiam) ("Whether or not the court previously had personal jurisdiction over [a party], the [settlement] stipulation was a consent to the exercise of the court's power to compel compliance.").

Similarly, in *Vessel Leasing, LLC v. Barge ACL-01537 in rem,* No. CIV.A. 1:05CV440HSOR, 2007 WL 3343046 (S.D. Miss. Nov. 7, 2007), a district court in this circuit found that filing a discovery-related stipulation resulted in a waiver of jurisdictional objections. *See id.* at *2-3. In reaching this conclusion, the court noted that by invoking the court's authority to enforce the stipulation, the party "'sought' and 'agreed' to 'some step' beneficial to its defense." *See id.* at *3 (citing *Maiz*, 311 F.3d at 341). Likewise here, defendant Sciambra's request for a dismissal order sought to use this Court's powers to further his defense. In sum, therefore, the Court finds that

defendant Sciambra's earlier acceptance of this Court as the proper venue by invoking its authority to dismiss claims in this suit waives his objection to venue.

Because the Court finds that defendant Sciambra waived his objection to venue, the Court does not address his argument that venue is improper on the ground that "the Southern Judicial District of Mississippi is the only judicial district where a substantial part of the alleged acts or omissions occurred."[25]

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant Sciambra's motion to dismiss for improper venue.

New Orleans, Louisiana, this __19th__ day of March, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[25] *See* R. Doc. 28-1 at 5.